**In the Matter of Richard R. MALMGREN, Debtor in Possession.**

**No. 2001–21495.**

United States Bankruptcy Court, E.D. Wisconsin.

May 16, 2002.

Jerome R. Kerkman, Milwaukee, WI, for debtor.

Neil McKloskey, Green Bay, WI, trustee.

## DECISION DENYING EMERGENCY MOTION OF THE DEBTOR IN POSSESSION FOR RELIEF FROM THE COURT'S ORDER OF MAY 13, 2002

RUSSELL A. EISENBERG, Chief Judge.

This case was commenced on February 15, 2001, by the filing of a voluntary petition in bankruptcy under Chapter 11 of Title 11 of the United States Bankruptcy Code. The subsequent history of this case is well established in the court file, the court's minute orders and the official hearing transcripts. As the court believes a full recital of all dates and events in this case is unnecessary for a determination of the pending motion, it will only discuss the dates and events relevant to this decision.

On February 15, 2002, after a lengthy hearing with extensive testimony, cross-examination, and argument, the court denied the motions of the United States Trustee and St. Francis Bank to convert

this case from Chapter 11 to Chapter 7 "subject to very strict conditions, terms and requirements" (Mins. & Order of February 15, 2002), which were read in detail into the court record. If any of the conditions was not met, the court indicated that it would sign a proposed order which would immediately convert the case from Chapter 11 to Chapter 7 (Hr'g Tr. of February 15, 2002, at 14).

The parties are in agreement that at least one of the February 15, 2002, Order conditions was not met, specifically, the refinancing of the Lodge. In fact, the debtor indicated at the hearing on May 3, 2002, that he was no longer attempting to obtain refinancing for the Lodge and would not attempt to do so in the future until he, at a minimum, was out of bankruptcy. Due to this lack of compliance with the February 15, 2002, Order, St. Francis Bank and the United States Trustee requested that the court enforce its prior order and convert the case immediately. The debtor opposed the conversion and sought relief from the portion of the February 15, 2002, Order which required him to obtain refinancing for the Lodge.

After another lengthy hearing, with extensive testimony, cross-examination, and argument, the court on May 13, 2002, denied the debtor's motion for partial relief from the February 15, 2002, Order. The court's findings of fact, conclusions of law, and its decision on May 13, 2002, were clear and concise. The court stated that it did not believe that the spirit or the purpose of the February 15, 2002, Order was fulfilled without the Lodge refinancing, as the debtor contended. The court further indicated that even if the court agreed with the debtor that it had substantially complied with the February 15, 2002, Order, regardless of not obtaining the required Lodge refinancing, substantial compliance with February 15, 2002, Order was

not sufficient under the facts of this case to justify the partial relief requested.

On May 14, 2002, the debtor filed an Emergency Motion for Relief from the Court's Order of May 13, 2002. The motion itself states that it is brought pursuant to Federal Rule of Civil Procedure 60(b). In contrast, at oral argument on the motion, debtor's counsel indicated that the motion was instead brought pursuant to Federal Rule of Civil Procedure 59(a). The court is never enthusiastic when a party midstream attempts to switch the law under which it is proceeding, because the court believes that such actions are unfair to the other parties in the case. Nonetheless, the court will address the merits of the motion and decide, regardless of what law this newest motion is brought under, whether the court should grant the substantive relief requested, in essence, whether the February 15, 2002, Order should remain fully in effect.

The debtor argues, for the first time, in its motion for relief from the May 13, 2002, Order that the court should not use Federal Rule of Bankruptcy Procedure 9024 and, thereby, Federal Rule of Civil Procedure 60(b) to rule on its motion for partial relief from the February 15, 2002, Order. The debtor believes that the February 15, 2002, Order was interlocutory and not final, and therefore, Rule 60(b) did not apply because it refers to a "final judgment, order, or proceeding." The debtor may be correct on all accounts. The February 15, 2002, Order may not have been final, and therefore, Rule 60(b) may not be applicable to the motion for partial relief from the February 15, 2002, Order. But what the debtor ignores is that the court did not base its decision exclusively, or even primarily, on Rule 60(b).

The February 15, 2002, Order created a "doomsday" provision. A "doomsday" is not uncommon in bankrupt-

cy proceedings. Its general purpose is to give the debtor one last chance to rectify its situation, usually, as with this debtor, after previous defaults. In this case, the "doomsday" order, as with almost all "doomsday" orders, mandated *strict* compliance. The court explicitly stated in its oral decision on February 15, 2002, page 6:

> The Court...is imposing strict conditions on the debtor and the debtor's counsel. And Mr. Kerkman, please stress to your client that these conditions are strict conditions. They're not subject to negotiations. They're not subject to argument. They're not subject to coming back and saying will you change these? This is it. And these are the conditions which the debtor shall meet, not that the debtor may meet and not if the debtor is busy or something. He doesn't have time to do something else. These conditions are mandated, and they're strictly mandated.

The above language is unambiguous. It is not confusing, uncertain, or open to varying interpretations. The debtor acknowledges that he did not obtain the required refinancing, and therefore, the debtor was not in full compliance with the order. This is true whether the February 15, 2002, Order was considered final or not. This is true whether the court applies Rule 60(b) or not. The debtor is in default, and in accordance with the "doomsday" provision in the February 15, 2002, Order, the case must be converted from Chapter 11 to Chapter 7.

■ The debtor argues in its motion that a court always has the power to modify earlier orders in a pending case. That may very well be true, but the court has no intention for invoking its power to do so, if it in fact possesses such power, in this matter. The February 15, 2002, Order was neither precipitously nor improvidently entered by the court. The court carefully weighed the conditions which it enumerated. Each was fashioned after listening closely to the needs and requests of the parties, particularly the debtor himself, in an attempt to keep the debtor operating while still providing for some, albeit limited, protection to the other parties in the case. Even if the court were to "rethink" its earlier order, as the debtor urges in his motion, it would now impose the same conditions that it did on February 15, 2002, and it would now rule the same way that it did both on that day and on May 13, 2002.

The Lodge refinancing was a major, possibly even *the* major condition imposed in the February 15, 2002, Order. As the court repeatedly stressed on May 13, 2002, there have been no changed circumstances, no unforeseen events, nor any new evidence which would support removing the Lodge refinancing from the enumerated list of conditions. The court comes to this same conclusion using, independently, the standards under Rule 60(b) as well as any general discretion the court may have to modify its prior order. The debtor has repeatedly defaulted on court directives throughout this case and has afterward always offered another excuse, an additional explanation, and a new promise. However, when the court removes the well crafted arguments of debtor's counsel, the truth is that this case has seen little actual, tangible progress over its lengthy duration. Enough is enough. The court cannot find any "reason justifying relief from the operation" of the February 15, 2002, Order under Rule 60(b)(6), nor will the court find, based on any inherent discretionary power it may possess, that the debtor is entitled to be relieved from the refinancing requirement in that order.

■ The debtor additionally argues in its emergency motion for relief from the May 13, 2002, Order, that the court erred in not addressing Section 105 of the Unit-

ed States Bankruptcy Code. Presumably the debtor is referring to Section 105(a), which provides in part that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Perhaps the court could use this language to grant the relief that the debtor is requesting, but the debtor has no right under the Bankruptcy Code to demand that the court do so. The provision is wholly discretionary, and the court has no intention of invoking it in this matter, nor does the court believe that it would be appropriate to do so under these facts. It is well acknowledged under prevailing case law as well as in the court's own outline and presentation on the subject for the Federal Judicial Center that the purpose behind Section 105(a) is to prevent an abuse of the bankruptcy process. If there has been any abuse in this case, as indicated both above and below, it is *by* the debtor, not *of* the debtor.

The court, perhaps incorrectly, has had a great deal of sympathy for the debtor throughout the pendency of this case. The debtor's business has been in the family for over a century and offers a vacation destination in a lovely locale. Accordingly, the court has been far from eager to convert this case from Chapter 11 to Chapter 7. On the contrary, the court has taken great pains to give the debtor numerous chances to propose a confirmable plan which offers a feasible method of reorganization. The court has been more lenient with the debtor in this case, perhaps, again, incorrectly, than with most other debtors have who appeared before it. This debtor, however, has not responded to the repeated opportunities provided to him in a remotely timely or equitable fashion. The other parties in this case have legal rights, too, and they are unquestionably entitled to have the court uphold those rights.

If an order is to have any true meaning, if a party is to be able to place any justifiable reliance on an order, if a court is to have any credibility and command any respect, then it *must* enforce its own orders. This, the court believes, is the purpose of upholding a "doomsday" provision and of properly applying the strict standards under Rule 60(b). The court will not use Section 105(a) or any inherent discretionary power it may possess to find otherwise.

Accordingly, the Emergency Motion of the Debtor in Possession for Relief from the Court's Order of May 13, 2002, is denied. A separate order consistent with this decision shall be signed on this date.